**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ANTONIO RAMOS-RODRIGUEZ; CLAUDIA SEGOVIA RAMOS-RODRIGUEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 08-72103 <br><br> Agency Nos. A098-287-263 <br> A098-287-264 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Oscar Antonio Ramos-Rodriguez and Claudia Segovia Ramos-Rodriguez,

natives and citizens of Nicaragua, petition for review of the Board of Immigration

Appeals' ("BIA") order rejecting their claims for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law and for substantial evidence factual findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if removed to Nicaragua.  *See Wakkary*, 558 F.3d at 1067-68.  Accordingly, their CAT claims fail.

Petitioners base their claims for asylum and withholding of removal on mistreatment by Sandinista members and loyalists.  The BIA denied their claims, finding the mistreatment did not rise to the level of persecution and they did not establish the government was unable or unwilling to protect them.  However, the BIA did not take into account the petitioners' ages at the time of the mistreatment.  *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045-46 (9th Cir. 2007) (error not to "look at the events from [petitioners'] perspective, nor measure the degree of their injuries by their impact on children of their ages").  In addition, contrary to the BIA's finding petitioners presented "no evidence" the government was unable to unwilling to protect them, petitioners presented testimony that Esteli was a

Sandinista city, that the police were Sandinistas, and that it was therefore futile to report the attacks. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (reporting not required where petitioner establishes it "would have been futile or have subjected him to further abuse"). In light of this conclusion, and the possibility that a presumption of future persecution applies, *see* 8 U.S.C. §§ 1208.13(b)(1), 1208.16(b)(1)(i), we do not reach the BIA's other findings regarding petitioners' fear of future persecution. Accordingly, we grant the petition for review with respect to petitioners' asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**